IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>　Plaintiff,<br><br>　　v.<br><br>SHUTTERSTOCK, INC.,<br><br>　Defendant. | CASE NO. 6:14-CV-900<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SHUTTERSTOCK, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Shutterstock, Inc. ("Shutterstock") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Landmark Technology, LLC's ("Plaintiff's") Original Complaint for Patent Infringement ("Complaint"). Shutterstock denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

**JURISDICTION AND VENUE**

1.　Shutterstock admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

{00151801.DOC }

2. Shutterstock admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

3. Shutterstock admits that it has transacted business in this district. Shutterstock denies that it has committed any tortious act or act of infringement within this district or any other district. Shutterstock otherwise denies the remaining allegations of paragraph 3 of the Complaint.

4. Shutterstock admits that venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(b), denies that venue in this District is convenient, and denies the remaining allegations of Paragraph 4 of the Complaint.

**PARTIES**

5. Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. Shutterstock admits it is a Delaware corporation with a principal place of business at 350 5th Avenue, 21st Floor, New York, New York 10118.

7. Shutterstock admits that it is in the business of licensing and selling photographs. Except as expressly admitted herein, Shutterstock denies each and every allegation of paragraph 7 of the Complaint.

8. Shutterstock admits that it has done business in this district. Except as expressly admitted herein, Shutterstock denies each and every allegation of paragraph 8 of the Complaint.

## [ALLEGED] FACTS

9. Shutterstock admits that the face of U.S. Patent No. 7,010,508 (the "'508 Patent") indicates that it is entitled "Automated Multimedia Data Processing Network" and issued on March 7, 2006 to Lawrence Lockwood. Shutterstock admits that a purported copy of the '508 Patent is attached to the Complaint as Exhibit 1, but Shutterstock lacks knowledge sufficient to confirm or deny if it is a true and correct copy. Shutterstock denies that the '508 Patent was lawfully issued. Except as expressly admitted herein, Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. Shutterstock admits it received a letter from Landmark dated October 21, 2014. Shutterstock otherwise denies the remaining allegations of Paragraph 10.

11. Shutterstock denies the allegations of Paragraph 11.

## FIRST [ALLEGED] CLAIM FOR RELIEF

12. Shutterstock incorporates by reference the answers to paragraphs 1-11 above.

13. Shutterstock denies the allegations of Paragraph 13.

14. Shutterstock denies the allegations of Paragraph 14.

15. Shutterstock denies the allegations of Paragraph 15.

16. Shutterstock denies the allegations of Paragraph 16.

17. Shutterstock denies the allegations of Paragraph 17.

18. Shutterstock denies the allegations of Paragraph 18.

19. Shutterstock denies the allegations of Paragraph 19.

## JURY DEMAND

20. Plaintiff's request for a trial by jury does not require a response from Shutterstock.

## PRAYER FOR [ALLEGED] RELIEF

21. Shutterstock denies that Plaintiff is entitled to any relief from Shutterstock and denies all of the allegations contained in Plaintiff's Prayer for Relief.

22. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Shutterstock denies them.

## AFFIRMATIVE DEFENSES

Shutterstock's Affirmative Defenses are listed below. Shutterstock reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

23. Shutterstock does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '508 Patent.

## SECOND DEFENSE

24. Each asserted claim of the '508 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE

25. To the extent that Plaintiff and alleged predecessors in interest to the '508 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Shutterstock's actions allegedly infringed the '508 Patent, Shutterstock is not liable to Plaintiffs for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '508 Patent.

### FOURTH DEFENSE

26. To the extent that Plaintiffs asserts that Shutterstock indirectly infringes, either by contributory infringement or inducement of infringement, Shutterstock is not liable to Plaintiff for the acts alleged to have been performed before Shutterstock knew that its actions would cause indirect infringement.

### FIFTH DEFENSE

27. Plaintiff's attempted enforcement of the '508 Patent against Shutterstock is barred by laches and/or estoppel.

### SIXTH DEFENSE

28. The claims of the '508 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Shutterstock.

**SEVENTH DEFENSE**

29. Plaintiffs' claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**COUNTERCLAIMS**

**PARTIES**

1. Counterclaim Plaintiffs Shutterstock, Inc. ("Shutterstock") is a Delaware corporation, with its principal place of business in New York, New York.

2. On information and belief based solely on paragraph 5 of the Complaint as pled by Plaintiff, Counterclaim Defendant Landmark Technology, LLC ("Landmark") is a Delaware limited liability company with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

**JURISDICTION**

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**

**DECLARATION REGARDING NON-INFRINGEMENT**

5. Based on Landmark's filing of this action and Shutterstock's First Defense, an actual controversy has arisen and now exists between the parties as to whether Shutterstock infringes the '508 Patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Shutterstock requests a declaration by the Court that it does not infringe any claim of the '508 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7. Based on Landmark's filing of this action and Shutterstock's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '508 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and 35 U.S.C. § 100 *et seq.*, Shutterstock requests a declaration by the Court that the claims of the '508 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Shutterstock asks this Court to enter judgment in Shutterstock's favor and against Landmark by granting the following relief:

a) a declaration that the asserted claims of the '508 Patent are invalid;

b) a declaration that Shutterstock does not infringe, under any theory, any valid claim of the '508 Patent that may be enforceable;

c) a declaration that Landmark take nothing by its Complaint;

d) judgment against Landmark, and in favor of Shutterstock;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Shutterstock of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Shutterstock hereby demands trial by jury on all issues.

Dated: February 27, 2015

Respectfully submitted,

By: /s/ Neil J. McNabnay
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
P. Weston Musselman, Jr.
pwm@fr.com
Texas Bar No. 14749600
Ricardo J. Bonilla
rjb@fr.com
Texas Bar No. 24082704

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**COUNSEL FOR DEFENDANT SHUTTERSTOCK, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 27, 2015, per Local Rule CV-5.2(a).

                                            */s/Neil J. McNabnay*
                                            Neil J. McNabnay